a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEFFERY LYNN ALEXANDER #17560-035, Plaintiff | CIVIL DOCKET NO. 5:21-CV-03427 SEC P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| ROB MYERS, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Jeffery Lynn Alexander ("Alexander") (#17560-035). Alexander is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. Alexander challenges his conviction and sentence for unlawful possession of a firearm.

Because Alexander cannot meet the requirements of the savings clause of 28 U.S.C. § 2255(e), the § 2241 Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Alexander's claim.

I. Background

Alexander was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e) (Counts 1 and 4); possession with intent to

1

distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b) (Counts 2 and 5); possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Counts 3 and 7); and possession with intent to distribute Ecstasy or MDMA, in violation of 21 U.S.C. § 841(a)(1) and (b) (Count 6). *United States v. Alexander*, 5:15-CR-0066 (W.D. La.), ECF No. 16.

The Government filed an Information and Notice of Sentencing Enhancement Pursuant to 18 U.S.C. § 924(e). *Id.* at ECF No. 26. The United States identified three predicate drug offenses it contended made Alexander an armed career criminal.[1]

Alexander pleaded guilty to Counts 1, 2, 3, and 4, and the remaining counts were dismissed at sentencing. *Id.* at ECF Nos. 31, 33, 42.

A pre-sentence investigation report ("PSR") was prepared, and the Court found that the criminal history level was "a net 31, Category VI." *Id.* at 46, p. 17. Alexander was sentenced to a prison term of 188 months on Counts 1, 2, and 4, and a consecutive term of 60 months on Count 3, for a total term of 248 months. *Id.* at 42, 46.

Alexander's appeal in the United States Court of Appeals for the Fifth Circuit was dismissed as frivolous. *United States v. Alexander*, Case No. 16-30179 (5th Cir. 6/16/17).

While the appeal was pending, Alexander filed a pro se motion to vacate under § 2255. *Id.* at ECF No. 48. Alexander alleged that he was entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015) and § 2255 because he was sentenced

---

[1] The offenses were a 1997 conviction for distribution of cocaine, a 2004 conviction for possession with intent to distribute cocaine, and a 2009 conviction for possession with intent to distribute cocaine. *Id.* at ECF No. 26, p. 2.

under the residual clause of the Armed Career Criminal Act. *Id.* at ECF No. 48. The Government filed an opposition noting that Alexander was not sentenced under the residual clause as he claims, so *Johnson* is inapplicable. *Id.* at ECF No. 55. Alexander's § 2255 motion remains pending. *Id.* at ECF No. 48.

Alexander also filed a Motion to Reduce Sentence under 18 U.S.C. § 3582, and a motion for Emergency Release due to COVID-19. *Id.* at ECF Nos. 53, 62. Both motions were denied. *Id.* at ECF Nos. 60, 67.

II. **Law and Analysis**

A federal prisoner may challenge his sentence under either §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law, . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is generally used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, the savings clause allows a prisoner to rely on § 2241 if the remedy

available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

To satisfy the savings clause, a petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).

First, because his § 2255 motion is still pending in the criminal case (5:15-CR-0066) and has not been denied, Alexander cannot show that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.[2] Second, the cases Alexander relies on do not satisfy the savings clause. *Rehaif* is not retroactively applicable on collateral review. *See In re: Palacios*, 931 F.3d 1314, 1315 (11th Cir.

---

[2] *See Senegal v. Warden*, 1:17-CV-806-P, 2017 WL 3881815, at *2 (W.D. La. 2017), *report and recommendation adopted*, 2017 WL 3881130 (W.D. La. 2017); *Pearson v. Carvajal*, No. 1:13-CV-822, 2013 WL 3778956, at *1 (W.D. La. 2013); *Puff v. Martin*, No. 1:11-CV-600, 2011 WL 6327934, at *1 (E.D. Tex. 2011), *report and recommendation adopted*, 2011 WL 6327645 (E.D. Tex. 2011) ("Because petitioner's Section 2255 motion is still pending, he clearly has another remedy to attack his underlying criminal conviction and test the legality of his detention."); *McIntosh v. Martin*, No. 1:11-CV-550, 2011 WL 6327247, at *1 (E.D. Tex. 2011), *report and recommendation adopted*, 2011 WL 6326748 (E.D. Tex. 2011); *Booth v. Bragg*, No. 08-CR-268-FM, 2008 WL 4082263, at *1 (W.D. Tex. Aug. 28, 2008).

2019) (holding that *Rehaif* "was not made retroactive to cases on collateral review by the Supreme Court"); *Davis v. Daniels*, 1:21-CV-40, 2021 WL 1015835, at *3 (E.D. Tex. 2021), *report and recommendation adopted*, 2021 WL 979609 (E.D. Tex. 2021); *Williams v. Underwood*, 3:19-CV-2043, 2020 WL 1866895, at *2 (N.D. Tex. 2020), *report and recommendation adopted*, 2020 WL 1862576 (N.D. Tex. 2020) (*Rehaif* does not apply retroactively on collateral review or establish petitioner was convicted of a nonexistent offense); *Helm v. United States*, 2:19-CV-00306, 2020 WL 4480868, at *3 (S.D. Tex. 2020), *report and recommendation adopted*, 2020 WL 4470399 (S.D. Tex. 2020); *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. 2019) (same); *Young v. United States*, 2020 WL 1237402, at *2 (N.D. Tex. 2020), *report and recommendation adopted* (N.D. Tex. 2020) (same); *United States v. Navarro*, 2020 WL 709329, at *3 (S.D. Tex. 2020) (same).

Moreover, even if *Rehaif* applied retroactively, it would not establish that Alexander was actually innocent. Nor did it decriminalize the conduct for which he was convicted. Instead, *Rehaif* addressed the Government's burden of proof. *Davis v. Daniels*, 1:21-CV-40, 2021 WL 1015835, at *3 (E.D. Tex. 2021), *report and recommendation adopted*, 2021 WL 979609 (E.D. Tex. 2021); *Robbins v. Warden, FCI Beaumont*, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. 2019); *Williams v. Underwood*, 3:19-CV-2043; 2020 WL 1866895, at *2 (N.D. Tex. 2020), *report and recommendation adopted*, 2020 WL 1862576 (N.D. Tex. 2020).

Alexander also seeks relief under *Shular v. United States*, 140 S.Ct. 779 (2020). Alexander does not show – and the Court does not find – that *Shular* applies

5

retroactively on collateral review. *See Gaither v. FCI McDowell*, 2021 U.S. Dist. LEXIS 171710, at *8 (S.D. W. Va. 2021), *report and recommendation adopted* 2021 U.S. Dist. LEXIS 171161 (S.D. W. Va. 2021) (finding that *Shular* does not apply retroactively on collateral review); In re *Smith*, 2021 U.S. App. LEXIS 11312, at *4 (11th Cir. Apr. 19, 2021) (same).

But even if it did, it provides no relief to Alexander. In *Shular*, the United States Supreme Court affirmed the Eleventh Circuit's holding that a prior drug conviction under Fla. Stat. § 893.13 qualified as a "serious drug offense" within the meaning of the ACCA. *Id.* The Florida statute makes it a crime to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." *Id.* at 784. The Supreme Court clarified that "[t]he 'serious drug offense' definition requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses." *Shular*, 140 S.Ct. at 782. That is, "*Shular* broadens the understanding of 'a serious drug offense' by focusing on the underlying conduct." *United States v. Prentice*, 956 F.3d 295, 300 (5th Cir.2020), *reh'g denied* (May 13, 2020), *cert. denied*, 141 S.Ct. 920 (2020).

Alexander asserts that his convictions for possession with intent to distribute a Schedule II controlled substance (cocaine) is not a "serious drug offense" because, at the time of his conviction, La. R.S. 40:967(a) "was broader than the corresponding generic offense, 21 U.S.C. § 841(a)." ECF No. 1-2 at 26.

The Fifth Circuit has applied *Shular* to uphold mandatory sentences imposed under the ACCA. *See United States v. Barlow*, 17 F.4th 599, 604 (5th Cir. 2021) (holding that convictions under La. R.S. 40:966(A) for "possession with intent to distribute" are "serious drug offenses" for the purpose of sentence enhancement under the ACCA); *United States v. Bass*, 996 F.3d 729, 735–742 (5th Cir. 2021) (holding that convictions for "possession with intent to deliver" under Arkansas law qualified as "serious drug offenses" under the ACCA); *Prentice*, 956 F.3d at 300 (holding the same for "possession with intent to deliver" under Texas law).

The Louisiana statute at issue in *Barlow*, La. R.S. 40:966(A), is the same as the statute at issue in Alexander's case, except § 966 applies to Schedule I narcotics and § 967 applies to Schedule II narcotics. Therefore, based upon the Fifth Circuit's finding in *Barlow*, Alexander's *Shular* claim would fail in the event *Shular* applied retroactively on collateral review.

### III. Conclusion

Because Alexander cannot meet the requirements of the savings clause of § 2255, IT IS RECOMMENDED that his § 2241 Petition be DISMISSED for lack of jurisdiction, with prejudice WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Alexander's claim.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 2, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE